THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EDWARD MICHAEL RATLIFF | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. |
| JEFF LYDE, | § | |
| JOSE GONZALEZ, | § | |
| JOHN SWENSON, and | § | |
| CLAY COUNTY, TEXAS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, EDWARD MICHAEL RATLIFF, Plaintiff, complaining of JEFF LYDE, JOSE GONZALEZ, JOHN SWENSON, AND CLAY COUNTY, TEXAS, and for his causes of action would respectfully show as follows:

### INTRODUCTION

On October 25, 2022, Sergeant Jose Gonzalez, of the Clay County Sheriff's Office, received a video appearing to show malnourished horses in a field on property owned by Edward Michael Ratliff. Upon receiving this video, Sgt. Gonzalez ordered Deputy Campbell to respond to the property. Deputy Campbell entered the property, without consent or a warrant, and observed additional animals Deputy Campbell claimed were also malnourished. Deputy Campbell was unable to locate the horses from the video. Deputy Campbell "drove the area" and relayed his other observations to Sgt. Gonzalez. Based on this foray into the 160-acre field, Sgt. Gonzalez applied for, and obtained, a search warrant for the property. Sgt. Gonzalez also applied for, and obtained, a seizure warrant for the impoundment of the animals located on the property. The affidavits in support of these warrants contained material omissions and falsehoods.

1

The warrants were signed by magistrate John Swenson on October 25, 2022. Sergeant Gonzalez, Deputy Campbell, and other members of the Clay County Sheriff's Office executed the warrants the night of October 25, 2022 and the morning of October 26, 2022. Approximately 45 animals were taken from Mr. Ratliff's property as a result of the execution of these warrants. On November 9, 2022, a hearing regarding the disposition of the seized animals was held in the Clay County Justice Court, the Honorable John Swenson, presiding. Following this hearing the court ordered Mr. Ratliff divested of all ownership interests in these animals and instructed the Clay County Sheriff to give the animals to a nonprofit animal shelter. The court further ordered Mr. Ratliff to pay the Sheriff of Clay County $14,436.71 for the cost of housing and caring for the animals during impoundment.

Mr. Ratliff now files this lawsuit against Lyde, Gonzalez, Swenson, and Clay County for violating his constitutional rights under the Fourth Amendment to the United States Constitution.

# I
# PARTIES

1. Plaintiff EDWARD MICHAEL RATLIFF is a resident of Clay County, Texas.

2. At all times relevant to this suit, Defendant JEFF LYDE was the Sheriff of Clay County, Texas and may be served at his place of employment at the Clay County Sheriff's Office located at 215 W Gilbert St, Henrietta, TX 76356, or wherever he may be found.

3. Defendant Lyde is being sued in his individual capacity.

4. At all times relevant to this suit, Defendant JOSE GONZALEZ was employed by the Sheriff of Clay County, Texas and may be served at his place of employment at the Clay County Sheriff's Office located at 215 W Gilbert St, Henrietta, TX 76356, or wherever he may be found.

5. Defendant Gonzalez is being sued in his individual capacity.

6. At all times relevant to this suit, Defendant JOHN SWENSON the presiding magistrate of the Justice Court in Clay County, Texas and may be served at his place of employment at the Clay County Justice Court Room located at 214 N Main St, Henrietta, TX 76356.

7. Defendant Swenson is being sued in his individual capacity.

8. Defendant CLAY COUNTY TEXAS is a governmental entity in Texas. It may be served through its County Judge, Mike Campbell, at 214 N Main St, Henrietta, TX 76356.

## II
## JURISDICTION AND VENUE

9. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

10. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendants are domiciled and/or reside in the Northern District and all of the causes of action accrued in the Northern District of Texas.

4

## III
## FACTS AND ALLEGATIONS

11. Aletha Hagis worked as a ranch hand for Clay County Commissioner Retta Collins.

12. On Tuesday, October 25, 2022, Ms. Hagis observed two horses that appeared to be malnourished.

13. These horses were located on a parcel of land owned by Edward Michael Ratliff and bearing the coordinates 33.58736 degrees N, 98.29467 degrees W.

14. The property is surrounded by a barbed-wire fence. Entrance onto the property is blocked by a locked gate.

15. Using her cell phone, Ms. Hagis took a video of these horses and sent the video to her employer.

16. Commissioner Collins sent the video to Clay County Sheriff's Office Sergeant Jose Gonzalez.

17. After watching the video, Sgt. Gonzalez instructed Clay County Sheriff's Deputy Campbell to go to the land and report his findings.

18. Deputy Campbell arrived at the property and "drove the area" but was unable to locate the horses seen in the video.

19. Deputy Campbell entered the property without a warrant, without the consent of the property owner, without exigent circumstances, and lacking any other exception to the warrant requirement.

20. Deputy Campbell reported that he observed several head of cattle and horses, all of which seemed to be malnourished.

21. Deputy Campbell also reported that the property appeared to be 160 acres, comprised of "little grass" and several mesquite trees.

5

22. Deputy Campbell located a pond on the southwest side of the property that, from the road, appeared to contain little water; Deputy Campbell believed this pond would continue to dry and is an inadequate water source.

23. Based on the information provided by Deputy Campbell, Sgt. Gonzalez applied for a search warrant.

24. On October 25, 2022, at 7:28 pm, Clay County Justice of the Peace John Swenson issued a search warrant for the property and authorized the seizure of all animals found on the property.

25. On October 25, 2022, at 8:56 pm, members of the Clay County Sheriff's Office, including Sgt. Gonzalez, Deputy Campbell, and Corporal Boyd, began execution of the search warrant.

26. During the night of October 25, 2022, twenty-four (24) animals were seized from the property.

27. On October 26, 2022, the officers continued the execution of the search warrant; twenty (20) animals were seized, one (1) deceased horse was located, and the skeletal remains of four (4) cows were discovered.

28. Mr. Ratliff was arrested at his residence around 2:00 am on October 26, 2022 and charged with one count of animal cruelty.

29. On November 7, 2022, based on the information provided by Sgt. Gonzalez, Clay County Sheriff's Office Sergeant William Norris applied for, and obtained forty-nine (49) arrest warrants for Edward Michael Ratliff, charging him with forty-nine (49) additional counts of animal cruelty.

30. On November 9, 2022, Mr. Ratliff was publicly arrested while appearing in the Clay County Court at Law to answer the first charge of animal cruelty.

31. Mr. Ratliff was later released on personal recognizance bonds.

32. On November 9, 2022, Justice of the Peace John Swenson ordered the seized animals to be given to a nonprofit animal shelter, ordered Mr. Ratliff divested of all ownership interests in and rights to the animals, and further ordered Mr. Ratliff to pay the Clay County Sheriff's office for the cost of housing and care for the animals while in the custody of the Sheriff's Office.

33. Attached to this Original Complaint as **Exhibit 1** is a complete, true, and accurate copy of Sgt. Gonzalez's affidavit in support of his application for the search warrant.

34. Attached to this Original Complaint as **Exhibit 2** is a complete, true, and accurate copy of the search warrant signed by Clay County Justice of the Peace John Swenson.

35. Attached to this Original Complaint as **Exhibit 3** is a complete, true, and accurate copy of one of the forty-nine identical arrest warrants issued on November 7, 2022.\

36. Attached to this Original Complaint as **Exhibit 4** is a complete, true, and accurate copy of Sgt. Gonzalez's affidavit for seizure of animals.

37. Attached to this Original Complaint as **Exhibit 5** is a complete, true, and accurate copy of the Order for Disposition of Cruelly Treated Animals, issued by Clay County Justice of the Peace John Swenson.

# IV
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Claim Under Section 1983

38. Plaintiff respectfully incorporates by reference all prior allegations in the Original Complaint.

39. A police officer may violate the Fourth Amendment when he "makes a false statement knowingly and intentionally, or with reckless disregard for the truth" in a search warrant affidavit and a search warrant is issued without probable cause. *Franks v. Delaware*, 438 U.S. 154, 155 (1978); *see also Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

40. The intentional or reckless omission of material facts from a warrant application may also amount to a Fourth Amendment violation. *Id.*; *see also Hale v. Fish*, 899 F.2d 390, 400 n. 3 (5th Cir. 1990).

41. To defeat the affirmative defense of qualified immunity, a plaintiff must show: (1) the affiant knowingly or recklessly omitted material information from the affidavit; and (2) that the affidavit would not have establish probable cause if the omitted information had been included; and (3) no reasonably competent officer possessing the information that the affiant had at the time he swore his affidavit could have concluded that a arrant should issue. *See Freeman v. County of Bexar*, 210 F.3d 550, 553-54 (5th Cir. 2000).

42. If the facts omitted from the affidavit are "clearly critical" to a finding of probable cause, recklessness may be inferred from the proof of the omission itself. *Hale*, 899 F.2d at 400.

43. Evidence obtained illegally cannot be used as a basis to conclude that probable cause exists to justify the issuance of a search warrant. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963).

44. Probable cause cannot exist where the affidavit contains material false statements or omissions that are deliberate falsehoods or that evidence a reckless disregard for the truth. *DeLeon v. City of Dallas*, 345 Fed.Appx. 21, 23 (5th Cir. 2009).

45. Defendant Gonzalez, a sergeant employed with the Clay County Sheriff's Office, was acting under color of law during the course of events that gave rise to this action.

46. Defendant Lyde, the Sheriff of Clay County, was acting under color of law during the course of events that gave rise to this action.

47. Defendant Gonzalez ordered Deputy Campbell to trespass onto Mr. Ratliff's property without a warrant, consent, or any other exception to the warrant requirement.

48. Deputy Campbell concluded that the tank observed from the roadway would dry due to lack of rainfall. However, Deputy Campbell failed to mention the other spring-fed pond on the property that is full year-round.

49. The failure to inform the magistrate that there are more than one water sources on the land is material because it goes directly to the offense for which Plaintiff was arrested.

50. Any information related to the observation of other animals on the property and the lack of food and water was obtained by Deputy Campbell's illegal trespass.

51. Even if the information obtained by Deputy Campbell was done so "from the roadway" the information was insufficient to establish probable cause. This is a 160-acre square tract of land. Only one side of the "square" borders the roadway. The tract of land is

heavily treed. It would have been impossible for Deputy Campbell to determine whether there was adequate food and water on the land.

52. Deputy Campbell's conclusion, and Sgt. Rodriguez's ratification of the conclusion is material and egregious because of its conclusory nature and misleads the magistrate.

53. Each of the defendants deprived Plaintiff of his rights and privileges under the United States Constitution and Federal Law.

54. Plaintiff discovered the 1983 violation on or about November 2022 when he received a copy of the search warrant affidavit and the affidavit for seizure of animals because it was at that time he became aware of the falsities and omissions in the affidavits.

55. As a direct and proximate cause of Defendants' deprivation of Plaintiff's rights, privileges, and immunities under the United States Constitution and Federal Law, Plaintiff suffered damages in an amount to be determined at trial.


## SECOND CAUSE OF ACTION
### Municipal Liability
### Violation of the Fourth Amendment Pursuant to 42 U.S.C. § 1983

56. Plaintiff respectfully incorporates by reference all prior allegations in this Original Complaint.

57. Municipalities may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008).

58. Municipal liability under § 1983 requires proof of three elements: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 568 (5th Cir. 2001).

10

59. A decision to adopt a particular course of conduct represents official policy even if it is not intended to govern future conduct so long as the decision was made by a final policymaker. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

60. Where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken once or repeatedly. *Id.*

61. The sheriff is the chief law enforcement officer. Under Texas law, sheriffs are "final policy makers" in the area of law enforcement for the purposes of holding a county liable under § 1983. *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009).

62. At all times relevant to this lawsuit, Defendant Lyde was the Sheriff of Clay County, Texas; thus, Defendant Lyde was the final policymaker in the area of law enforcement.

63. Here, Defendant Lyde and Defendant Gonzalez developed a particular course of conduct to enter onto the land owned by Plaintiff and to seize the animals they found.

64. Sheriff Lyde, Sgt. Gonzalez, and Clay County adopted a particular course of conduct in misleading the Justice of the Peace who signed off on the search warrant despite the lack of probable cause enunciated in the affidavit.

65. This course of conduct continued into the affidavit for seizure of animals and culminated with the Justice of the Peace ordering Plaintiff divested of his rights and interests in the animals and further to repay the Sheriff's Office the cost of housing and care for the animals taken from him.

66. In summary, Sheriff Lyde, as the official policymaker for Clay County, adopted a particular course of action in the illegal trespass and search of Plaintiff's land, seizure of Plaintiff's animals, arrest of Plaintiff, and illegal judicial grant of taking Plaintiff's animals based on facts that do not support probable cause, violated Plaintiff's

constitutional rights to be free from illegal searches and seizures under the Fourth Amendment. This violation was the sole cause of Plaintiff's injuries.

## V
## PUNITIVE DAMAGES

67. Plaintiff respectfully incorporates by reference all prior allegations in this Original Complaint.

68. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

69. As a direct, proximate, and producing cause and the intentional, egregious, and malicious conduct by Defendants, which was recklessly or callously indifferent to Plaintiff's protected rights, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI
## DAMAGES

70. Plaintiff respectfully incorporates by reference all prior allegations in this Original Complaint.

71. Plaintiff's injuries were foreseeable. Plaintiff's injuries were directly and proximately caused by Defendants' conduct. As a result, Plaintiff is entitled to recover all actual damages allowed by law.

72. As a direct, proximate, and producing cause and the intentional, egregious, and malicious conduct by Defendants, which was recklessly or callously indifferent to Plaintiff's protected rights, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

12

73. Defendant's conduct constitutes malice, evil intent, or reckless or callous indifference to Plaintiff's constitutionally protected rights; thus, Plaintiff is entitled to punitive damages against Defendants.

74. As a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer:

   a. Deprivations of his liberty;
   b. Incarceration;
   c. Harm to his reputation in the past and future;
   d. Lost wages, fringe benefits, and diminished earning capacity;
   e. Emotional distress, torment, and mental anguish;
   f. Pre-judgment and post-judgment interest; and
   g. Such other and further relief, general and special, legal and equitable, to which he is justly entitled.

75. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff seeks to recover, and hereby requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII
## JURY REQUEST

76. Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted,

/s/ Michael Ratliff
State Bar Number 24088276
5145 Upper Montague Rd
Bowie, TX 76230
Phone 940-531-0709
Consumer.law@hotmail.com

# EXHIBIT 1

SW-2022-298

CASE #22-015759

**AFFIDAVIT FOR SEARCH WARRANT**

WARRANT (DA) #

THE STATE OF TEXAS

COUNTY OF CLAY

The undersigned Affiant, being a Peace Officer under the laws of the State of Texas and being duly sworn, on oath makes the following statement and accusations:

1. There is in Clay County, Texas, a suspected place and premises described and located as follows: 160 acres of land located at Coordinates 33.58736 degrees N, 98.29467 degree W on the east side of Armstrong Rd. south of Sanders Rd north of Fletcher Rd, Clay County, TX. The land has a barbed wire fence around the property. The property has a green rusted gate with a white J-T Bowie, Texas sign, a navy blue Texas & Southwestern Cattle Raisers Member sign, and a teal Texas Farm Bureau sign with the name Mike Ratliff. The property is suspected of having two tanks.

2. There is at said suspected place and premises property concealed and kept in violation of the laws of the State of Texas and described as follows: All Animals, Alive, Dead, Unborn, Malnurished, and Sick.

3. Said suspected place and premises are in charge of and controlled by each of the following persons: Edward Michael Ratliff 03/26/1956 TX DL 10717516

4. It is the belief of Affiant, and he hereby charges and accuses, that: Texas Penal Code 42.09 (a) (1) Cruelty to Livestock Animals

5. Affiant has probable cause for said belief by reason of the following facts: On 10/25/2022 I, Sergeant J. Gonzalez with the Clay County Sheriff's Office, received a report from Clay County Commissioner Precinct 3 Retta Collins that her hand Aletha Hagis observed two malnurished horses with visable ribs and other bones showing at Coordinates 33.58736 degrees N, 98.29467 degree W on the east side of Armstrong Rd. south of Sanders Rd, Clay County, TX 76365. Hagis recorded a small video using her cellular device. I observed the video and saw a brown mare with a tan colt in poor health condition. The tan colt appeared to be malnurished and thin. The brown mare also was malnurished and appeared to have a bloody eye with visable bones and low body fat. I observed that the property had very little vegitation for the horses to eat. Deputy Campbell, with the Clay County Sheriff's Office, drove the area and reported seeing multiple cattle and horses that appeared to be malnurished. Campbell observed that the property had very little grass and did not see any other form of food for the animals. Campbell also observed a small tank on the property which he believes will continue to dry due to lack of rainfall. With the facts presented to me, I believe that the horse and cattle do not have access to a suffiecient food source and their needs have been neglected causing pain and distress.

Wherefore, Affiant asks for issuance of a warrant that will authorize him to search said suspected place and premises for said property and seize the same.

_____
AFFIANT

Subscribed and sworn to before me by said Affiant on this the 25th day of October, 2022.

2

# EXHIBIT 2

## SEARCH WARRANT

**THE STATE OF TEXAS**
**COUNTY OF CLAY**

To The Sheriff Or Any Peace Officer Of Clay County, Texas.

GREETINGS:

WHEREAS, the Affiant whose name appears on the attached affidavit is a Peace Officer under the laws of the State of Texas and did heretofore this day subscribe and swear to said Affidavit before me (which said Affidavit is by this reference incorporated herein for all purposes), and whereas I find that the verified facts stated by Affiant in said Affidavit show that Affiant has probable cause for the belief expressed therein and establish existence of proper grounds for issuance of this warrant

NOW, THEREFORE, you are commanded to enter the suspected place and premises described in said Affidavit and to there search for the property described in said Affidavit and to seize same.

Further, you are ORDERED, pursuant to the provisions of Article 18.10, Texas Code of Criminal Procedure, to retain custody of any property seized pursuant to this warrant, until further notice of this Court or another court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property. This Court grants you leave and authority to remove such seized property from this county, if and only such removal is necessary for the safekeeping of such seized property by you, or if such removal is otherwise authorized by the provisions of Article 18.10, T.C.C.P. You are further ORDERED to give notice to this Court, as a part of the inventory to be filed subsequent to the execution of this warrant, and as required by Article 18.10, T.C.C.P., of the place where the property seized hereunder is kept, stored and held.

HEREIN FAIL NOT, but have you then and there this warrant within three days, exclusive of the day of it's issuance and exclusive of the day of it's execution, with your return thereon, showing how you have executed the same, filed in this court.

ISSUED AT 7:20 A.M., on this the 25th day of Oct. 2022 to certify which witness my hand this day.

_____
MAGISTRATE, Clay County, Texas
John Swenson
Justice of the Peace
Clay County, Texas

NO. SW-2022-298

**THE STATE OF TEXAS**
**VS.**

FILED

This the 25th day of October 2022.

_____
MAGISTRATE, Clay County, Texas

Edward Michael Ratliff

145 Upper Montague Rd. Bowie, Texas 76230

1

# EXHIBIT 3

# WARRANT OF ARREST

THE STATE OF TEXAS                                        Warrant #: CJ-2022-054(V)
       VS.

NAME:      Edward Michael Ratliff      **Clay County Sheriff's Office**
Aliases:     Mike Ratliff          **OFFENSE #:** 22-015750
            DOB: 03/26/1956        **OFFENSE DATE:** 10/25/2022

ADDRESS:  5145 Upper Montague RD
CITY:       Bowie, Tx 76230      **PEACE OFFICER:** Sgt. Norris #1091

THE STATE OF TEXAS
TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS:

You are hereby commanded to arrest:

## Edward Michael Ratliff (W/M DOB 03/26/1956)

If to be found in your County and bring him/her before me, magistrate, Clay County, Texas, at my office in said county, Clay, then and there to answer the State of Texas for an offense against the laws of said State, to-wit:

## Cruelty to Livestock Animals PC 42.09 (a)(2) M/A

of which offense he/she is accused by the written complaint, under oath, of Sgt. William Norris filed before me.

HEREIN FAIL NOT but of this writ make due return, showing how you have executed the same. WITNESS my official signature, this __7__ day of November A.D. 2022.

BOND $: 2,500⁰⁰

_____
Magistrate
Clay County, TX

**PEACE OFFICER'S RETURN:**

Came at hand the __9__ day of __November__ A.D., __2022__, at __304__ o'clock __P__ M. and executed on the __9th__ day of, __November__ A.D., __2022__, at __304__ o'clock __P__ M., by arresting the within named __Edward Michael Ratliff__ in __Clay__ County, Texas, and taking his bond, placing him in jail at __Clay County Sheriff Office__

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage that I may have traveled in the service of other process in this cause in the same trip.

FEES-MILEAGE:     $_____
    Making arrest:  $_____
    Taking bond:   $_____
    Commitment   $_____
    Release       $_____
    Total         $_____    BY _____ #1169
                                     Peace Officer

Rev. 06/20/17             11/7/2022 12:16:43 PM           1

Case # 22-015750

Warrant# CJ-2022-M-054C

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | |
| | § | **AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION** |
| **COUNTY OF CLAY** | § | |

**BEFORE ME,** The undersigned authority, on this day appeared the undersigned Affiant, who after being duly sworn by me, on oath stated:

My name is Sgt. William Norris and I am a commissioned peace officer according to the laws of the State of Texas, employed by the Clay County Sheriff's Office, and I have good reason to believe and do in fact believe that, before the making and filing of this affidavit that, on or about the 25 day of the month of October, 2022, that **Edward Michael Ratliff (W/M DOB 03/26/1956)** did then and there commit the offense of: **Cruelty to Livestock Animals** , a violation of section 42.09 (a)(2) of the Texas Penal Code a **Class A Misdemeanor.**

The Affiant's belief is based upon the following facts and information which affiant received from:

☐ Affiant's personal investigation of the alleged offense.

☒ Sgt. Gonzalez, a fellow peace officer of the Clay County Sheriff's Office, Clay County, Texas, who personally participated in the investigation of this alleged offense, providing this information to Affiant and whose information Affiant believes to be credible.

On 10/25/2022 I, Sgt. Jose Gonzalez #1142 with the Clay County Sheriff's Office, received a report from Clay County Commissioner Precinct 3 Retta Collins that her ranch hand Aletha Hagis observed two malnourished horses with visible ribs and other bones showing. The property is located at coordinates 33.58736 degrees North and 98.29467 degrees West, on the East side of Armstrong Rd, South of Sanders Rd, Clay County Texas. The property is owned by Edward Michael Ratliff (W/M DOB 03/26/1956,) Hagis recorded a small video clip with her cellular device of the property and animals. In the video I observe a brown mare and her tan colt in very poor health conditions. I observed the mare to be extremely emaciated and her right eye bloodied. The tan colt was also emaciated. I observed the property to be bare, with mesquite trees, very little grass, and no shade for the animals. At that time, I instructed Deputy Campbell with the Clay County Sheriff's Office to respond to the coordinates listed above. Campbell arrived on scene a brief time later. Campbell informed me that he observed multiple heads of cattle that appeared to be emaciated and in poor health conditions. Campbell also reported that he observed very little water in a stock tank. Campbell advised that the amount of water in the tank was not sufficient for the number of animals located on the property. Campbell advised that he drove the area but did not locate the colt and mare. Campbell stated that he spoke to Ratliff on 10/20/2022 about his cows being out. Campbell stated he asked Ratliff about the emaciated horses. Campbell stated that Ratliff stated that he recently went out to the property, fed the horses and checked on them. A search warrant was sought after and obtain to seize all malnutrition animals off the property. A total of 45 cows and 5 horses were seized due to their condition and to prevent further pain and suffering due to neglect from Ratliff. I believe that Ratliff intentionally caused pain and suffering to the 50 livestock animals due to not properly providing the nutrition that the animals need. Ratliff was arrested on a previous Cruelty to Livestock Animals on 10/25/2022 for a single animal in this case. The remaining 49 animals endured the same intentional neglect from Ratliff.

Ratliff committed 49 counts of the offense of Cruelty to Livestock Animals, a Misdemeanor A.



**WHEREFORE,** Affiant requests that an arrest warrant be issued for the above accused individual **Edward Michael Ratliff (W/M 03/26/1956),** for the offense of **Cruelty to Livestock Animals PC 42.09 (a)(2)** a violation of section 42.09(a)(2) of the Texas Penal Code, a **Class A Misdemeanor.**

**AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS,**

**AFFIANT**

ON THIS THE _7th_ DAY OF _November_, 20_22_, I HEREBY ACKNOWLEDGE I HAVE EXAMINED THE FOREGOING AFFIDAVIT AND HAVE DETERMINED THAT PROBABLE CAUSE EXISTS FOR THE ISSUANCE OF A WARRANT OF ARREST OF THE INDIVIDUAL(S) ACCUSED THEREIN.

_____
**Magistrate in and for Clay County, Texas**

Rev. 06/20/17        11/7/2022 12:16:43 PM        3

approximately 16 livestock animals. On the southwest side of the property is a pond that has little water due to little rainfall. Campbell believes that the water will continue to dry. Campbell believes the horses and cattle haven't been fed properly and have been neglected.

6. Campbell advised that he has made contact with the property owner on a previous date. The owner is Edward Michael Ratliff. Ratliff confirmed that he owned the property and the animals residing.

7. The animals will be taken to a certified temporary housing facility.

8. I, Sergeant J. Gonzalez, am requesting to seize any and all animals located at Coordinates 33.58736 degrees N, 98.29467 degree W on the east side of Armstrong Rd. south of Sanders Rd, Clay County, TX 76365 due to the neglect Campbell and Hagis has observed.

The Affiant's belief is based upon the following facts and information which affiant received from:

☒ Affiant's personal investigation of the alleged offense.

☒ Deputy J. Campbell, a fellow peace officer of the Clay County Sheriff's Office, Clay County, Texas, who personally participated in the investigation of this alleged offense, providing this information to Affiant and whose information Affiant believes to be credible.

**WHEREFORE,** Affiant request Seizure Warrant so the animals may be impounded until a determination may be given as to whether these animals have been cruelly treated and so that necessary care may be given to the animals.

Against the peace and dignity of the state of Texas, _____
Affiant

Sworn and subscribed before me by Sergeant Jose A. Gonzalez Jr. a credible person, this 25 day of October 2022.

MAGISTRATE IN AND FOR
CLAY COUNTY, TEXAS
Justice of the Peace
Clay County, Texas

Case 7:24-cv-00138-O-BP   Document 1   Filed 10/21/24   Page 24 of 26   PageID 24

# EXHIBIT 5

NO. A-2022-298

| | | |
|---|---|---|
| THE SHERIFF OF CLAY COUNTY, TEXAS, BY SGT. JOSE GONZALEZ | § § § | IN THE JUSTICE COURT |
| APPLICANT | § | COUNTY-WIDE JURISDICTION OF |
| | § | |
| VS. | § | CLAY COUNTY, TEXAS |
| | § | |
| EDWARD MICHAEL RATLIFF | § | |
| RESPONDENT | | |

## ORDER FOR DISPOSITION
## OF CRUELLY TREATED ANIMALS

On __November 9__, 2022, came to be heard the application of the Sheriff of Clay County, Texas, by Deputy Sheriff, Sgt. Jose Gonzalez, alleging that for a period ending on or about October 25, 2022, the following described animals have been / were being cruelly treated by Edward Michael Ratliff, and seeking court disposition of the animals the subject of this suit, described in Exhibit A (Search and Seizure Log) attached hereto.

The court, having issued its warrant herein and the animals having been impounded, the court finds that Edward Michael Ratliff, the owner of the animals, was given written notice of this hearing by the officer executing the warrant, and all interested parties were given an opportunity to present evidence at the hearing.

The court finds from the evidence that Edward Michael Ratliff, the owner of the animals, has cruelly treated the animals by failing to provide the animals with sufficient feed, causing some animals to become emaciated and suffer, and some animals possibly died.

IT IS THEREFORE ORDERED that Edward Michael Ratliff is hereby divested of all ownership interest in and rights to the animals, the subject of this suit; and

IT IS FURTHER ORDERED that the Sheriff Clay County, Texas, shall, pursuant to Sec. 821.024 of the Texas Health and Safety Code:

☐    sell the animals by public auction, and/or;

☑    give the animals to a nonprofit animal shelter, pound, or society for the protection of animals, and/or

Order, Page 1 of 2

☐ have the animals humanely destroyed, as the court finds this to be in the           best interest of the animals, or that the public health and safety would be served. **The animals shall not be destroyed until the expiration of 10 days from the date this order is signed.**

IT IS FURTHER ORDERED that Applicant shall have and recover JUDGMENT against Edward Michael Ratliff, for a total amount of $ 14,436.71 , itemized as set forth below:

☐ court cost of $_____

☐ administrative costs of $_____

☐ cost of investigation $_____

☐ expert witnesses $_____

☐ cost of conducting any public sale ordered by the court $_____

☑ cost of housing and caring for the animal(s)l during impoundment $ 14,436.71

☐ cost of humanely destroying the animal(s) if ordered by the court $_____

IT IS FURTHER ORDERED, unless otherwise provided herein, post judgment interest shall accrue on the amounts awarded hereinabove at the rate of 5% per annum from the date this judgment is signed until paid.

IT IS FURTHER ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

IT IS FURTHER ORDERED that the amount of bond for appeal in this cause is set at $ 14,000.00 . The animal owner has the right to appeal this Order to the County Court of Clay County, Texas.

ISSUED this the 9th day of November , 2022.

_____
Justice of the Peace

Order, Page 2 of 2